The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. Upon reconsideration of the evidence, the Full Commission is of the opinion that the portion of the Opinion and Award of Deputy Commissioner Holmes which addresses plaintiffs occupational disease, carpal tunnel syndrome, should be vacated.
Plaintiff filed a claim alleging an injury by accident occurring on August 12, 1997. The claim was denied by defendants on the ground that "nothing unusual or out of the ordinary was described as causing the injury. Plaintiff requested a hearing on a Form 33 filed November 24, 1998. The case was set on Deputy Commissioner Holmes April 14, 1999 hearing docket. On March 3, 1999, the deputy commissioner wrote to plaintiff recommending that he retain an attorney to represent him because plaintiff might not be able to present all the technical evidence required to support his claim. Plaintiff appeared at the hearing before Deputy Commissioner Holmes without counsel. At the hearing, plaintiffs testimony raised for the first time that plaintiff may have contracted an occupational disease as a result of his employment duties. The deputy commissioner advised defendants that she was inclined to proceed on the occupational disease claim in addition to the injury by accident claim. The deputy commissioner advised plaintiff on the record (T. p. 40) that his injury by accident claim was not compensable because his injury was not due to an accident. Defendants were allowed two weeks to determine if they wanted to present evidence on plaintiffs occupational disease claim or to have plaintiff evaluated by their own doctor. By letter dated April 19, 1999, defendants declined to present additional evidence. On June 9, 1999, Deputy Commissioner Holmes submitted to Dr. Hutchinson a "Deposition Upon Written Question to which Dr. Hutchinson responded on August 2, 1999. On August 30, 1999, defendants elected not to submit questions for cross-examination of Dr. Hutchinson.
Plaintiff was first diagnosed with carpal tunnel syndrome on March 23, 1999. At that time, his case was already set for hearing before the deputy commissioner on the injury by accident claim. Dr. Hutchinson treated plaintiff on only two occasions prior to his deposition response and would only give the opinion that it was "possible that plaintiffs job may have contributed to the development of his carpal tunnel syndrome and that it was "certainly possible that plaintiffs job could have aggravated and contributed to the development of his pain.
Since the medical evidence was insufficient to establish that plaintiff contracted a compensable occupational disease, the deputy commissioner denied the occupational disease claim. Plaintiff retained counsel and appealed to the Full Commission.
The Full Commission is of the opinion that the portion of Deputy Commissioner Holmes Opinion and Award which dealt with an occupational disease claim should be vacated for a number of reasons. Plaintiff has not filed a claim for compensation due to carpal tunnel syndrome. At the time plaintiffs request for hearing was filed, plaintiff had not been diagnosed with carpal tunnel syndrome as the diagnosis was only made less than a month prior to the hearing before the deputy commissioner. Although it is understandable that the deputy commissioner wanted to resolve all issues, it was premature to proceed on a potential occupational claim involving a pro se plaintiff which had not been filed. Plaintiff did not have an adequate opportunity to prepare to present a claim for an occupational disease or to assess his need for counsel on the occupational disease claim. It was unfair to both plaintiff and defendants to proceed with the occupational disease claim under the circumstances.
In the interest of justice and pursuant to I.C. Rule 801, IT IS THEREFORE ORDERED that the portion of the deputy commissioners Opinion and Award which addresses an occupational disease claim is VACATED. If plaintiff chooses to file an occupational disease claim, he must file a new claim and a new Form 33 request for hearing. Plaintiff did not assign error to the deputy commissioners denial of his injury by accident claim.
Each side shall bear its own costs.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
BSB:md